FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 OCT -3 PM 2: 16
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MADA PURDEE, )
 )
    Plaintiff, )
 )
v. )
 )  CASE NO. CV407-28
PILOT TRAVEL CENTERS, LLC, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendant Pilot Travel Centers's Motion for Reconsideration, or in the alternative, clarification of the Order denying as moot Defendant's Motion for Partial Dismissal Pursuant to Rule 12(b)(6). (Doc. 44.) For the reasons that follow, Defendant's Motion for Reconsideration is **GRANTED** and Plaintiff's claim for fraud is **DISMISSED**.

### BACKGROUND

Plaintiff Mada Purdee's first Amended Complaint contained claims for discrimination, improper discharge and retaliation under Title VII. The Amended Complaint also included a class action allegation of discrimination and a claim for fraud.

On April 9, 2007, Defendant filed a Motion for Judgment on the Pleadings, seeking dismissal of the class

action allegations. Defendant also filed a Motion for Partial Dismissal Pursuant to Rule 12(b)(6) with respect to Plaintiff's fraud claim. In response, Plaintiff filed a Second Amended Complaint, withdrawing her class allegations and adding factual allegations supporting her claim for fraud.

On August 3, 2007, this Court entered an Order denying as moot several Motions by Defendant. In doing so, the Court relied upon the parties' representations and explained that "[t]he parties agree that [Plaintiff's] amendments effectively mooted Defendant's Motions." However, in its Motion for Reconsideration, Defendant states that of the various issues raised by these motions, one issue – whether Plaintiff stated a valid claim for fraud – was not mooted by the amendments to the Complaint. The Court will now proceed to consider this issue.

## ANALYSIS

In its Motion for Partial Dismissal, Defendant argued that Plaintiff had both failed to satisfy Rule 9(b)'s particularity requirements and failed to state a claim upon which relief could be granted under Rule 12(b)(6). Because Plaintiff's second amended Complaint added particularity to the pleadings, the Court will consider only the latter argument.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court presumes the truth of all factual allegations in the plaintiff's complaint. See Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997); see also Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.'") (quoting St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986)). The Court must construe the plaintiff's allegations liberally because "[t]he issue is not whether the plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)(abrogated on other grounds). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (U.S. 1957).

In order to obtain relief in this case, Plaintiff would have to establish the following essential elements of fraud: "(1) a false representation or omission of a

3

material fact; (2) scienter; (3) an intent to induce the party alleging fraud to act or to refrain from acting; (4) justifiable reliance; and (5) damages." See Newitt v. First Union Nat. Bank, 607 S.E.2d 188, 194 (Ga. Ct. App. 2004).

In her amended Complaint, Plaintiff alleges that Defendant coerced an employee into writing a false statement about Plaintiff. In the false statement, the employee stated that Plaintiff said disparaging things about the company and used foul language. Plaintiff alleges that the false statement was sent to Plaintiff's counsel to justify Plaintiff's termination. These are the only facts alleged in support of the fraud claim.

The Court finds that the allegations fail to state a prima facie case for fraud. Even if true, none of the facts alleged would support a finding that Defendant intended to induce Plaintiff to take any action or to refrain from acting. Nor has Plaintiff alleged any facts which would support a finding that she relied upon the alleged misrepresentation in any way. Finally, the pleadings contain no facts which would support a finding that any injury or damages resulted from the false representation. Even if all the facts alleged by Plaintiff were true, she would be unable to demonstrate the elements

4

of fraud and would therefore not be entitled to relief. Accordingly, Defendant's Motion for Reconsideration is **GRANTED** and Count Three (Fraud) of Plaintiff's Second Amended Complaint is **DISMISSED.** Plaintiff's other claims remain pending.

SO ORDERED this 3RD day of October, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA