FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

'07 OCT 23 PM 4: 56

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

MADA PURDEE, )
)
    Plaintiff, )
)
v. ) Case No. CV407-028
)
PILOT TRAVEL CENTERS, LLC., )
)
    Defendant. )

## ORDER

Before the Court is defendant's motion to strike several errata alterations that plaintiff made to her deposition. Doc. 61. Plaintiff has filed a response in opposition to defendant's motion. Doc. 63.

### I. ANALYSIS

Plaintiff, who alleges gender discrimination and retaliation in this Title VII action, was deposed on June 18, 2007. Doc. 61. In early August of 2007, plaintiff submitted an "errata sheet" making several changes and additions to her sworn deposition testimony. Id. Defendant filed this

motion to strike certain errata alterations on September 25, 2007. Id. Defendant advances two arguments in support of its motion to strike: (1) that the changes made in the errata sheet are substantive in nature and impermissibly contradict plaintiff's prior sworn deposition testimony; id. at 8; and (2) that some of plaintiff's alterations fail to provide reasons for the changes as required by Rule 30(e). Id. at 10. Defendant moves to reopen plaintiff's deposition in the event that the Court denies its motion to strike.[1] Id. at 11. For the following reasons, defendant's motion to strike certain errata alterations is **GRANTED IN PART and DENIED IN PART**.

Federal Rule of Civil Procedure 30(e) permits a deponent to make errata changes to a deposition transcript:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the

---

[1] The Court previously permitted the reopening of plaintiff's deposition. Accordingly, this request is **DENIED as moot**.

2

deponent during the period allowed.

There is no merit to defendant's contention that a deponent cannot make substantive changes to her testimony by way of Rule 30(e) errata corrections, doc. 61 at 8, for the rule expressly allows "changes in form or *substance*" to be appended to the deposition. Fed. R. Civ. P. 30(e) (emphasis added). Defendant is correct, however, that some courts have interpreted the rule as precluding substantive changes that actually *contradict* a witness's prior sworn testimony. See, e.g., Reynolds v. Int'l Bus. Mach. Corp., 320 F. Supp. 2d 1290 (M.D. Fla. 2004), aff'd, 125 F. App'x 982 (11th Cir. 2004); Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992). Since the Reynolds decision was summarily affirmed by the Eleventh Circuit, defendant reasons that the Eleventh Circuit approves its holding, which represents the "narrow" minority view. See 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2118 (2d ed. 1994).

Plaintiff relies upon the Middle District of Florida's decision in Liberty/Sanibel II Ltd. v. Gettys Group, Inc., 2007 WL 1109274, at *1-2 (M.D. Fla. Apr. 12, 2007), which argues that the Reynolds decision

provides little guidance on the issue for three reasons. First, the Eleventh Circuit

> summarily affirmed the district court's order . . . [but] did not discuss any particular aspects of the decision. Second, as the Gettys Group points out in their response, the Reynolds court did not address striking an errata sheet but rather whether it was proper to disregard it in ruling on a motion for summary judgment. Third, as a non-published opinion Reynolds is not binding precedent. . . . [Defendant] also directs this court to several district court decisions to support the argument that the errata sheet must be stricken. However, "a district court is not bound by another district court's decision, or even an opinion by another judge of the same district court." Therefore, the magistrate judge acted within her authority in finding such decisions not to be persuasive.

Id. (citations omitted).

As the Eleventh Circuit has not clearly addressed the issue, the Court is persuaded that, at least at this stage in the litigation, it is permissible for plaintiff to submit an errata sheet that substantively changes her answers, even if those changes contradict her previous testimony.[2] See, e.g., Reilly v. TXU Corp., 230 F.R.D. 486, 489-91 (N.D.

---

[2] The Court reserves the question of whether these errata alterations may be relied upon to create a material factual dispute at the summary judgment stage of litigation. While plaintiff is free to make substantive errata changes that contradict her prior deposition testimony, the Court is not necessarily precluded from disregarding such changes in deciding a motion for summary judgment.

Tex 2005); Podell v. Citcorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997); Lugtig v. Thomas, 89 F.R.D. 639, 641 (N.D. Ill. 1981); Allen & Co. v. Occidental Petroleum Corp., 49 F.R.D. 337, 340 (S.D.N.Y. 1970); 8A Federal Practice and Procedure § 2118. Accordingly, defendant's motion to strike these changes as being substantive or impermissibly contradictory is **DENIED**.

Defendant also argues that plaintiff violated Rule 30(e) by failing to identify her reasons for certain errata alterations. Doc. 61 at 10. Defendant relies upon McCarver v. PPG Indus., Inc., 2007 WL 2317792, at *1-2 (N.D. Ala. 2007), which states that Rule 30(e) clearly requires a deponent making errata changes to "provide the reasons for [the] proposed changes." Rule 30(e) itself states that the deponent must "sign a statement reciting such changes and the reasons given by the deponent for making them." Accordingly the Court will strike those changes that fail to provide a reason for the alteration.

Only two of plaintiff's statements discussed in the motion to strike fail to provide reasons for their change. First, plaintiff attempted to change her testimony regarding who she spoke with after November 2.

5

Doc. 61 Ex. B. Second, she attempted to alter her testimony regarding Kangaroo Pantry's starting salary. Id. Accordingly, the Court **GRANTS** defendant's motion to strike these two errata alterations.

## II. CONCLUSION

For all of the above reasons, defendant's motion to strike is **GRANTED IN PART and DENIED IN PART**. As the Court has previously permitted reopening of plaintiff's deposition, defendant's request to reopen the deposition is **DENIED as moot**.

**SO ORDERED** this 23rd day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA