# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MADA PURDEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV407-028 |
| | ) |
| PILOT TRAVEL CENTERS, LLC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff seeks to depose defendant's employee, Laura Cheatham. The parties dispute her actual position in the company. Defendant claims that she works for Pilot's legal department (Doc. 76 at 2), while plaintiff claims that she works in the human resources and benefits department (Doc. 81 at 3). Regardless, it is undisputed that Ms. Cheatham was instrumental in helping to prepare many legal documents likely protected under either the attorney-client privilege or the work product doctrine.

Consequently, defendant has moved the Court for an order to quash Cheatham's notice of deposition and subpoenas *duces tecum*, and it requests a protective order prohibiting her deposition. (Doc. 76.) Plaintiff has

responded in opposition to defendant's motion. (Doc. 81.)

I. APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE

In general, "[p]arties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). Similarly, at a deposition, an attorney "may instruct a deponent not to answer [questions] . . . when necessary to preserve a privilege." Fed. R. Civ. P. 30(c)(2). The attorney-client privilege shields from disclosure any confidential communication between a client and his attorney made for the purpose of seeking or providing legal assistance to the client. Joiner v. Hercules, Inc., 169 F.R.D. 695, 697 (S.D. Ga. 1996); Shipes v. BIC Corp., 154 F.R.D. 301, 304 (M.D. Ga. 1994).

Defendant, however, has not properly asserted the attorney-client privilege. Merely stating that Ms. Cheatham works in the company's legal department is insufficient. The law is well established that the attorney-client privilege does not create a "cloak of protection . . . draped around all occurrences and conversations which have any bearing, direct or indirect,

2

(2) the date of the document or communication;
(3) its source;
(4) the intended recipient;
(5) each individual or entity that received it;
(6) the purpose for which it was prepared;
(7) the nature of the privilege asserted; and
(8) sufficient facts to allow the Court to assess whether the document or communication falls within the privilege.

As to any document or communication whose production is opposed on grounds other than privilege, defendant shall answer questions (1) through (6) and state (7) the specific reason for opposing production and supporting legal authority. If defendant chooses to forge ahead with this matter, plaintiff will have seven days to review the index and prepare a response if she continues to believe that the privilege has been improperly asserted as to any particular document.

## II. APPLICABILITY OF WORK PRODUCT DOCTRINE

In addition to claims of privilege, certain trial preparation materials, mental impressions, and legal theories of defense counsel are protected from discovery. Fed. R. Civ. P. 26(b)(3); Hickman v. Taylor, 329 U.S. 495, 511-14

(1947). The "work product doctrine," as this protection is commonly known, shields from disclosure "documents and tangible things . . . prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). But, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney *or other representative* concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B) (emphasis added); see Hickman, 329 U.S. at 511-14 (holding that mental impressions and opinions of an attorney regarding a case are nearly absolutely protected from discovery).

Defendant asserts that plaintiff solely seeks protected work product from Ms. Cheatham, and her deposition should therefore not be taken. (Doc. 76 at 4.) Defendant, however, is clearly mistaken. Though plaintiff hopes to pursue a questionable line of inquiry regarding Ms. Cheatham's knowledge regarding defendant's response to plaintiff's EEOC claim,[1] plaintiff also seeks information regarding the day-to-day operations of Pilot

---

[1] Plaintiff is advised that her argument that factual information is not protected under Rule 26(b)(3) must be qualified by the rule in Hickman, 329 U.S. at 511. "Work product" includes counsel's recollections as to what witnesses told him. Id. Furthermore, thoughts and recollections of counsel are "often eligible for the special protection accorded opinion work product." 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2024 (2d ed. 1994).

and the existence of certain documents requested by plaintiff during discovery. (Doc. 81 at 7.) These permissible lines of inquiry overcome defendant's motion seeking to prevent the deposition in its entirety. Accordingly, if defendant wishes to seek work product protection of a specific communication, document, or mental impression, it should be addressed in the privilege log.

## III. CONCLUSION

As defendant has not demonstrated to the Court that the attorney-client privilege or work product doctrine demand absolute protection of Ms. Cheatham, its motion is hereby **DENIED**.

**SO ORDERED** this 21st day of February, 2008.

／s／ *[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

7