# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MADA PURDEE, )
 )
    Plaintiff, )
 )
v. ) Case No. CV407-028
 )
PILOT TRAVEL CENTERS, LLC., )
 )
    Defendant. )

## ORDER

Once again in this relatively simple employment discrimination case the parties have burdened the Court with an avalanche of briefs, affidavits, and exhibits related to yet another discovery dispute. Plaintiff's counsel, who has already been reigned in for abusive discovery techniques, suggests that she has been "thwarted at every try" in her effort to proceed with depositions of certain corporate officers, whom she concedes are "busy individuals." (Doc. 73 at 2.) The record, however, establishes that defendant's counsel has continually demonstrated a spirit of cooperation in the scheduling of depositions and has, on occasion, consented to discovery

beyond that required by the federal rules.[1]

Plaintiff's latest discovery motion seeks to compel the deposition of Mark Romano both individually and as Pilot's 30(b)(6) representative.[2] (Docs. 73, 82.) She also seeks sanctions against defendant pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Doc. 73 at 3.) Defendant has responded in opposition to plaintiff's motion and also seeks sanctions. (Doc. 81.)

I. **MOTION TO COMPEL DEPOSITIONS**

Plaintiff contends that she has been trying to take Mr. Romano's personal deposition since June of 2007. (Doc. 73 at 2.) Though Mr. Romano has been made available for hours at a time on several occasions, plaintiff asserts that he has yet to complete his personal deposition. (Id.) It is undisputed that Mr. Romano's personal deposition has exceeded the

---

[1] It is equally clear, however, that the defendant's witnesses' hectic business schedules have significantly delayed this case on at least two occasions.

[2] Plaintiff also initially sought to compel the deposition of Ken Parent. Plaintiff has withdrawn that request, as she deposed him on February 13, 2008. (Doc. 84.)

seven hours permitted by Rule 30(d)(2).[3] (Doc. 77 at 11; Doc. 82 at 16.) Accordingly, defendant argues that plaintiff is not entitled to more time to complete the deposition. (Doc. 77 at 11.) Plaintiff contends, however, that opposing counsel stipulated to an additional thirty-minute extension of Romano's deposition. (Doc 82 at 5). Such stipulations are clearly contemplated by the Rules. Fed. R. Civ. P. 30(d)(1) ("*Unless otherwise stipulated* . . . a deposition is limited to 1 day of 7 hours."(emphasis added)).

At around 10:30 a.m. during Romano's deposition on January 25, 2008, defense counsel agreed to permit plaintiff to spend an additional three hours with Romano. (Doc. 82 Ex. A at 7.) Mr. Romano's deposition ended at 1 p.m. (Id.) Consequently, plaintiff spent approximately two-and-one-half of the promised three hours with Romano on January 25. The Court therefore permits plaintiff an additional thirty minutes to complete Mr. Romano's deposition. Accordingly, plaintiff's motion to compel Mr. Romano's deposition is **GRANTED**.[4]

---

[3] Mr. Romano was first deposed on January 11, 2008, from 8 a.m. until 12:38 p.m. (Doc. 77 at 8.) On January 25, 2008, plaintiff deposed him for an additional four hours. (Id. at 11.)

[4] Plaintiff also sought to compel defendant's 30(b)(6) deposition. (Doc. 73 at 2.) That deposition was completed on February 29, 2008. (Doc. 90.) Thus, the Court **DENIES as MOOT** plaintiff's motion to compel the 30(b)(6) deposition.

3

## II. SANCTIONS

Plaintiff seeks sanctions against defendant for allegedly failing to appear at two noticed depositions. Sanctions may be ordered if "a party's ... designated ... Rule 30(b)(6) [representative] ... fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Plaintiff specifically alleges that Romano failed to appear on both January 11 and January 25, 2008 to answer her 30(b)(6) questions. (Doc. 82 at 2-3.)

Defendant, however, cannot be said to have failed to appear on either date. Regarding the January 11, 2008 deposition, plaintiff, in her own words, "voluntarily allowed [that deposition] to be rescheduled." (Doc. 82 at 3.) Turning to the January 25 deposition, Romano notified plaintiff prior to that day that he could not stay past 1 p.m., but he still arrived for his personal deposition that morning.[5] (Id. at 3.) Plaintiff argues that the early termination of the deposition prevented her from reaching her 30(b)(6) questions for Romano. The record, however, clearly shows that plaintiff determined when a deponent acted as an individual or 30(b)(6) company

---

[5] Defendant's counsel offered to make Mr. Romano available for deposition "early in the morning" of January 25, but plaintiff's counsel did not avail herself of the opportunity to convene prior to 9 a.m. (Doc. 77 at 11.)

4

representative.[6] As she clearly controlled the timing of the depositions in this regard, it is disingenuous of counsel to argue that Romano failed to appear for the noticed 30(b)(6) deposition. Furthermore, Rule 37(d) is concerned with "total noncompliance," not the parties' rather trivial scheduling disputes. Fed. R. Civ. P. 37 advisory committee notes. Accordingly, the Court holds that Romano appeared for the 30(b)(6) deposition on January 25, 2008. Plaintiff's motion for sanctions is therefore **DENIED**.[7]

Defendant seeks sanctions pursuant to Rule 37(a)(5). As plaintiff's motion to compel has been granted in part and denied in part, sanctions are not mandatory under the Rule and the Court will not impose them. Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part,

---

[6] On January 11, 2008, plaintiff's counsel stated "we're going to do a little bit more of Mr. Romano's deposition and switch into the 30(b)(6) and we will have to reconvene." (Doc. 82 Ex. B at 5.)

[7] Although plaintiff's request for sanctions is denied, defendant's counsel is well aware that it is highly inappropriate to so fracture a deposition. As another court observed, "[t]he resulting confusion creates challenges for the Court in locating record citations given by the parties, identifying the record basis for particular factual statements, and teasing the thrust of a witness's testimony from . . . overlapping depositions and affidavits containing similar assertions of fact by that very witness that may include both redundancies as well as divergent representations based on the witness's memory on the particular date." Bill Salter Adver., Inc. v. City of Brewton, No. 07cv081, 2008 WL 183237, at *1 n.3 (S.D. Ala. Jan. 18, 2008).

the court *may* . . . apportion the reasonable expenses for the motion." (emphasis added)).

## III. CONCLUSION

For all of the reasons explained above, plaintiff's motion to compel is **GRANTED IN PART AND DENIED IN PART**. All requests for sanctions are **DENIED**.

**SO ORDERED** this __28__ day of March, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**