IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MADA PURDEE, Individually and )
on behalf of all others )
similarly situated, )
  )
    Plaintiff, )
  )  CASE NO. CV407-028
v. )
  )
PILOT TRAVEL CENTERS, LLC, )
  )
    Defendant. )
  )

# O R D E R

Before this Court are Defendant Pilot Travel Center's Motions to Strike. (Docs. 121 & 123.) Therein, Defendant asks this Court to strike numerous documents and filings by the Plaintiff. For the reasons that follow, the Motions to Strike are **DENIED** with a few exceptions.[1] All Counsel are **ORDERED** to stop abusing the judicial process and to abide by this Court's orders, this Court's Local Rules, and the Rules of Professional Responsibility at all times—**the next violation in this case will result in sanctions.**

---

[1] The exceptions to these denials are paragraphs 2 and 17 of Plaintiff's Affidavit, Exhibit C of Plaintiff's Affidavit, and the last sentence of paragraph 5 of Charlie Seighman's Affidavit. To the extent Defendant has asked this Court to disregard specific statements, the Court will consider these objections, as necessary, when ruling on Defendant's Summary Judgment Motion.

"An affidavit submitted in connection with a summary judgment motion is subject to a motion to strike if it does not measure up to the standards of Rule 56(e) of the Federal Rules of Civil Procedure." Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). However, motions to strike are disfavored and infrequently granted. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002), Austin S. I, Ltd. v. Barton-Malow Co., 799 F. Supp. 1135, 1145 (M.D. Fla. 1992). To be sure, "motions to strike are generally disfavored by the Court and are often considered time wasters." Vaughn v. City of Orlando, 2008 WL 3540434 *2 (M.D. Fla. 2008). Of course, the Court is mindful that even if the motion to strike is denied, the Court should still consider the parties objections to the admissibility of evidence filed along with a motion for summary judgment when the Court rules on the motion. Austin, 799 F. Supp. at 1145. With this law in mind, the Court considers Defendant's Motions to Strike.

I. Objections to Plaintiff's Entire Affidavit

Defendant moves this Court to strike Plaintiff's Affidavit both because it is contradictory to Plaintiff's deposition testimony—and, therefore, a sham—and because it

is duplicative of Plaintiff's deposition testimony.[2] The Court considers each argument in turn.

First, the Defendant has moved to strike Plaintiff's Affidavit as contrary to her deposition testimony, characterizing the Affidavit as a sham. The Eleventh Circuit has explained the sham affidavit concept as follows: "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). However, "[a] definite distinction must be made between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence." Tippens v. Celotex Corp., 805 F.2d 949, 953 (11th Cir. 1986). Further, "[i]n light of the jury's role in resolving questions of credibility, a district court should not reject the content of an affidavit even if it is at odds with statements made in an

---

[2] The Court is puzzled by these two arguments, which seem to be mutually exclusive.

3

early deposition." Id. at 954 (citing Kennett-Murray Corp. v. Bone, 622 F.2d 887, 894 (5th Cir. 1980)).[3]

The Court has carefully considered the "contradictions" offered by Defendant and finds them to be without merit.[4] Most of the Defendant's arguments fail because the alleged contradictions are not contradictory to "clear answers to unambiguous questions"—the standard enunciated in Van T. Junkins. Instead, Defendant seeks to manufacture contradiction by putting its own spin on

---

[3] Defendant strenuously argues that these latter standards are inapplicable because in this case the sham affidavit is offered by a party. While the Eleventh Circuit has found it significant whether an alleged sham affidavit is submitted by a party or a disinterested witness, it is only because when a disinterested witness submits such an affidavit there is little chance of sham factual issues. See Lane v. Celotex Corp., 782 F.2d 1526, 1530-31 (11th Cir. 1986). Courts have still required extremely clear proof of a sham affidavit, even where a party filed the affidavit. See Kennett-Murray, 622 F.2d at 894 (reversing the district court's grant of summary judgment where the Court deemed Defendant's Affidavit a sham because it conflicted with earlier deposition testimony).

[4] Plaintiff has conceded that paragraph 17 of her Affidavit should read "Prior to my demotion, neither Mr. Romano or [sic] Mr. Venable ever sat down with me and discussed any concerns about the performances of the unit." (Doc. 130 at 4) (added text underlined.) As Plaintiff concedes that this statement is factually incorrect, the Court will **GRANT** Defendant's Motion to Strike paragraph 17. However, the chronological organization of the Affidavit implies that the additional text—or something like it—is a part of paragraph 17. Moreover, the Court notes that even if this temporal language were not implied, Defendant's ability to find one inconsistency between the 91 statements in the Affidavit and 281 pages of deposition testimony is hardly sufficient to convince the Court that the Affidavit is a sham.

Plaintiff's answers, and then declaring her Affidavit contrary to that spin.[5] Worse, some of the "contradictions" are not even contradictions at all.[6] Therefore, the Court does not find the Affidavit to be a sham, and the Motion to Strike on this ground is **DENIED**.

---

[5] One particularly egregious example of this is Defendant's argument with respect to paragraph 71 of Plaintiff's Affidavit. (Doc. 121 at 5.) Therein, Defendant contends that Plaintiff testified during her deposition that she chose to leave her job, which contradicts her statement in her Affidavit that she did not quit her job. First, Defendant has wholly ignored the temporal context of each of these statements. Plaintiff's Affidavit proceeds chronologically, and her statement that she did not quit her job was made specifically with respect to an incident that occurred in her store. Plaintiff's statement during her Deposition that she chose not to return to work was in response to a question about an incident that occurred nearly ten days later.

Moreover, even if one ignores the temporal issues, this is a case about a constructive discharge—Plaintiff's main argument is that she was forced to quit her job due to a string of discriminatory demotions. Defendant's counsel, Littler Mendelson, which advertises themselves as "employment & labor law solutions worldwide," surely cannot claim ignorance as to the difference between affirmatively quitting a job and a constructive discharge in which an employee chooses not to return to work. See Littler - Employment & Labor Law Solutions Worldwide, http://www.littler.com/Pages/Home.aspx. This distinction would also remove the "contradiction" between the two statements.

[6] An example of this is Defendant's argument with respect to paragraph 35 of Plaintiff's Affidavit. (Doc. 121 at 4.) The Court is at a loss to see the conflict between the Affidavit and the Deposition, both of which seem to say that Plaintiff was instructed to temporarily act as the operations administrator while her trainee, Mr. Knorr, was given a chance to act as general manager.

This Court has also carefully considered the Defendant's Motion to Strike the entire Affidavit based on admissibility. The Court finds no merit in this argument, with the exception of a typographical error noted by Defendant. That is, that paragraph 1 of Plaintiff's Affidavit is repeated, verbatim, in paragraph 2. Plaintiff concedes this error, and does not oppose this portion of the Motion to Strike. (Doc. 130 at 6.) Accordingly, after careful consideration, the Court will **STRIKE** paragraph 2 of the Affidavit, and the rest of the Motion to Strike is **DENIED**. The Court will consider other specific objections to admissibility, as relevant, when deciding the Motion for Summary Judgment.

II. Objections Based on Rule 408

Defendant has raised objections to numerous documents under Federal Rule of Evidence 408, which is designed to exclude evidence of settlement negotiations. (Doc. 121 at 8-9.) Statements fall under Rule 408 if they were "intended to be part of the negotiations towards compromise." Blu-J, Inc. v. Kemper C.P.A. Group, 916 F.2d 637, 642 (11th Cir. 1990) (citing Ramada Dev. Co. v. Rauch, 644 F.2d 1097, 1106 (5th Cir. 1981)). The "compromise" in the test does not refer to any compromise; it refers to a settlement negotiation. Id. Exhibit C of Plaintiff's

Affidavit was plainly made in the course of settlement negotiations, and the first paragraph of the letter admits as much. (Pl.s' Aff., Ex. C at 1.) Nothing in the remaining communications overtly appears to be a part of settlement negotiations.[7] The Court has carefully considered the remaining statements and does not find a violation of Rule 408. Accordingly, Defendant's Motion to Strike is **DENIED**, with the exception of Exhibit C of Plaintiff's Affidavit, which is **STRICKEN**.

III. Objections to Scott Wallis's Affidavit

Defendant has objected to paragraphs 2, 12, and 13, of Scott Wallis's Affidavit, and to the Affidavit in its entirety. Defendant raises objections based on speculation and relevance. The Court has carefully considered these objections and finds them to be wholly without merit. Accordingly, the Motion to Strike is **DENIED**.

IV. Objections to Charlie Seighman's Affidavit

Defendant has objected to paragraphs 2 and 5 of Charlie Seighman's Affidavit, and to the Affidavit in its entirety. Defendant raises objections based on speculation

---

[7] While the Plaintiff offered to return to work in the email marked Exhibit 28, in that same email she specifically stated that she would preserve her right to bring all of her claims. (Doc. 106.) That is, she was not offering to drop any of her claims should Defendant re-employ her at the lower position.

and relevance. There is merit in the objection to paragraph 5, in which Mr. Seighman testifies that equally qualified women were systematically passed over for men in Defendant's employment decisions. While it is possible that a high-level manager would have been able to observe the frequency with which women managers were chosen, it is not axiomatic that he did so, and Mr. Seighman never states the basis for his knowledge. Therefore, he has not demonstrated that he has the personal knowledge to support such a claim. See Fed. R. Civ. P. 56(e). Accordingly, the Court **GRANTS** the Motion to Strike with respect to the last sentence of paragraph 5. However, even without this sentence, the Court finds that the Affidavit is still relevant. Therefore, the rest of the Motion to Strike this Affidavit is **DENIED**.

V. Objections to Shelby McGee Gordon's Affidavit

Defendant has objected to paragraphs 2, 3, and 19 of Shelby Gordon's Affidavit, and to the Affidavit in its entirety. Defendant raises objections based on speculation and relevance. After careful consideration, the Court finds these objections to be wholly without merit. Accordingly, the Motion to Strike this Affidavit is **DENIED**.

VI. Remaining Objections to Specific Portions of Plaintiff's Affidavit

Defendant has raised numerous other objections to Plaintiff's Affidavit on the grounds of hearsay, relevance, speculation, and other admissibility issues. Defendant moves this Court to disregard or strike these statements. (Doc. 121 at 11.) After careful consideration, the Court **DENIES** Defendant's Motion to Strike. However, to the extent that these statements are inadmissible, the Court will not consider them when ruling on Defendant's Motion for Summary Judgment.

VII. Objections to Plaintiff's Consolidated Statement of Material Facts[8]

Defendant moves this Court to strike Plaintiff's entire Statement of Material Facts because it is "not a concise statement of material facts" as required by Local Rule 56.1. (Doc. 123 at 1.) Even assuming, arguendo, that such a violation has occurred, Defendant has provided no law showing that the appropriate remedy for a violation of

---

[8] Defendant has also objected to many of the individual statements of fact on the grounds that they are irrelevant, duplicative, speculative, hearsay, or lack foundation. However, with respect to the individual statements of fact, Defendant asks the Court to disregard the statements as appropriate, rather than asking the Court to strike the inadmissible statements. (Doc. 123 at 1.) Accordingly, when ruling on the Motion for Summary Judgment, the Court will consider these objections as necessary.

9

Local Rule 56.1 is a Motion to Strike—an extreme remedy. The Court has carefully considered Pilot's Motion and **DENIES** the Motion to Strike the Statement of Material Facts.

VIII. <u>Final Warning to the Parties</u>

Defendant's Motions to Strike vary in their level of frivolity, and, to be sure, Defendant's fishing expedition has caught a few minnows. However, when viewed as a body of work it is hard to see these Motions as filed for any reason other than delay and harassment; and these Motions have wasted a considerable amount of this Court's limited time and resources. Especially troubling are the hollow and contradictory arguments provided with respect to the Motion to Strike Plaintiff's entire Affidavit; asking this Court to strike the Affidavit for being simultaneously so duplicative of Plaintiff's Deposition as to be a waste of time and so contradictory to the same Deposition as to be a sham.

Plaintiff has already been warned about abusing the judicial process. The Court now **WARNS** the Defendant not to abuse the judicial process. As such, all Counsel are **ORDERED** to stop abusing the judicial process and to abide by this Court's orders, this Court's Local Rules, and the Rules of Professional Responsibility at all times. **This is**

the <u>final</u> <u>warning</u> to all parties; any additional abuses of the judicial process will be met with <u>sanctions</u> by this Court.

Should another such violation occur, this Court will have many arrows in its quiver from which to choose when crafting a sanction. <u>Flury v. Daimler Chrysler Corp.</u>, 427 F.3d 939, 944 (11th Cir. 2005). One such arrow is the sanction of removing counsel from further participation in this case. <u>Woods v. Covington County Bank</u>, 537 F.2d 804, 810 (5th Cir. 1976).[9] The sanction of attorney disqualification is especially relevant when attorneys admitted <u>pro hac vice</u> violate the Court's Local Rules and the Rules of Professional Conduct, or challenge the Court's authority by disobeying its prior orders. <u>Schlumberger Tech., Inc. v. Wiley</u>, 113 F.3d 1553, 1561 (11th Cir. 1997). If the parties cannot respect the authority of this Court, and will not abide by the Local Rules and the Rules of Professional Responsibility, then this Court will not hesitate to use its discretion to disqualify the offending attorney or attorneys.

---

[9] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals handed down prior to October 1, 1981.

11

## CONCLUSION

Defendant's Motions to Strike are **DENIED** with the following exceptions: (1) paragraphs 2 and 17 of Plaintiff's Affidavit, (2) Exhibit C of Plaintiff's Affidavit, and (3) the last sentence of paragraph 5 of Charlie Seighman's Affidavit. The Court **GRANTS** the Motion with respect to the above listed exceptions. To the extent Defendant has asked this Court to disregard statements, the Court will consider these objections, as necessary, when ruling on Defendant's Motion for Summary Judgment. All Counsel are **ORDERED** to stop abusing the judicial process and to abide by this Court's orders, this Court's Local Rules, and the Rules of Professional Responsibility at all times—**the next violation in this case will result in sanctions.**

SO ORDERED this 19th day of February, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA