UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| MADA PURDEE, | ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. CV407-028 |
| PILOT TRAVEL CENTERS, LLC., | ) ) |  |
| Defendant. | ) ) |  |

## O R D E R

Before the Court in this Title VII employment discrimination case is plaintiff Mada Purdee's motion to compel defendant Pilot Travel Centers, LLC., to respond to her discovery requests and sanction Pilot for evidentiary spoliation. Docs. 91, 92, 95, 103, 105. Pilot opposes the motion. Docs. 93 & 96.

An exhaustive review of plaintiff's voluminous briefs and related documents reveals that she is still attempting to litigate this run-of-the-mill, single-employee gender discrimination case as if it were a systemic

class action by pursuing countless records on hundreds of other employees.[1] Doc. 91 at 8 (seeking several years of costly-to-obtain performance reviews and audits for *over 150 general managers* who are employed in different stores throughout the Southeastern Division of Pilot Travel Centers)[2]; *id.* at 12 (seeking documentation of merit increases for each manager in the Southeastern Division over a several year period); *id.* (seeking employee disciplinary action forms for each manager in the Southeastern Division over a several year period); *id.* at 15 (demanding a computer-readable database listing all Southeastern Division Travel Center general and restaurant managers)[3]; *id.* at 17-18 (requesting foundational documents for yearly job application statistics); *id.* at 18-19 (requesting additional statistical evidence as to most employees in Southeastern Division).[4] She

---

[1] Although plaintiff initially indicated that she would seek class certification (docs. 1 & 6), she withdrew her class allegations in her most recent complaint (doc. 31).

[2] Defendant offered to produce the requested documents if plaintiff was willing to bear the cost of production, but she declined to do so. Doc. 93 at 8.

[3] Defendant already provided physical copies of all separation notices, status-changes, and promotions of the requested employees along with a summary flowchart including the information requested. Doc. 93 at 18.

[4] Plaintiff also seeks the production of *her own paychecks*. Doc. 91 at 15. Plaintiff fails to show why she herself cannot provide this information. Defendant, meanwhile, has produced a "payroll check history summary" and "payment detailed listings." Doc. 93 at 15. These are more than adequate responses to plaintiff's discovery request.

persists in this pattern of discovery abuse despite explicit direction from the Court to the contrary. *See* Docs. 65, 70, 97.

While the Court acknowledges that much of the requested information could *slightly* bolster plaintiff's claims, the requests are either overly-broad, unnecessarily cumulative, or plainly irrelevant (for instance, the "foundational information" she seeks for Pilot's statistical breakdown of its applicant pool has no bearing on plaintiff's discriminatory demotion, termination, or retaliation claims).[5] Moreover, defendant has provided most of the requested information (although admittedly not always in plaintiff's preferred format), and plaintiff has not indicated that any of the additional information is necessary to survive defendant's pending motion for summary judgment.[6] Doc. 98. Accordingly, plaintiff's motion to compel further production of documents is DENIED.

---

[5] While the Court acknowledges that it expressly permitted plaintiff to seek limited statistical evidence from defendant's Southeastern Division, it has become apparent that plaintiff refuses to be bound by the Court's limitations. To clarify, defendant was required to produce statistics regarding the gender breakdown of all Travel Center *general managers, regional managers*, and *divisional directors* (restaurant managers are not included) for the Southeastern Division for the years requested. Defendant has done so. Doc. 93 at 18. Accordingly, no other statistical information or foundational documents need be produced.

[6] To the extent the information is sought to show plaintiff's relative performance as a manager, sufficient evidence is available from the hundreds of other documents and deposition transcripts that are already in the record.

Defendant has not been blameless in this exchange, however. For instance, plaintiff demands the production of several documents that no longer exist, because defendant has refused to supplement its discovery responses to reflect that those documents are no longer available. Doc. 91 at 8, 13 (seeking certain tour notes, store action plans, and retail ranking reports that are generally destroyed on a quarterly basis). Of course, defendant cannot be compelled to produce records that do not exist, *see Myers v. Goldco, Inc.*, 2008 WL 1995131 at *4 (N.D. Fla. May 6, 2008) (unpublished), but defendant is required to affirmatively state in its discovery responses that such records are missing or destroyed. *Id.* Additionally, plaintiff requested defendant's "Blue Book" and certain pay data and audit materials, which were not produced until after the motion to compel was filed. Doc. 93 at 12. Generally, such late production necessitates that the non-moving party (and/or that party's counsel) pay plaintiff's reasonable fees and expenses in filing the motion. Fed. R. Civ. P. 37(a)(5)(A) ("if the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party [and/or his counsel] . . . whose

conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). The Court declines to award plaintiff's fees and expenses here, however, as the remainder of her discovery requests are simply abusive, reflecting her repeated attempts to over-complicate this case and to overburden the defendant and this Court. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (permitting court to decline to award fees where "other circumstances make an award of expenses unjust"). But defendant is DIRECTED to supplement its responses in an appropriate manner and is warned that late responses will not be tolerated in the future.

In addition to her motion to compel, plaintiff insists that defendant should be sanctioned for spoliation of evidence. Doc. 91 at 5-7. Plaintiff first claims that Dani Noel, an independent auditor for Pilot, improperly deleted all of her fuel wastage and inventory shrinkage audits of Store 71 at the end of 2007. Doc. 96 at 2-3. Because inventory shrinkage and fuel wastage were supposedly contributing factors in plaintiff's alleged termination, she argues that this evidence should have been preserved. *Id.* at 5. To that end, the parties (on June 13, 2007) expressly stipulated that

Noel's hard drive was to be mirror-imaged to preserve all data stored in it. Doc. 38 at 4-5.

Noel admittedly never received an instruction to preserve the data. Doc. 91, Ex. 12 at 4. Much of the data was destroyed prior to the stipulation, however, due to a 2006 computer crash. Doc. 93 at 6 n. 6. After she was no longer assigned to Purdee's store, Noel deleted the remaining audits from her laptop either by overwriting her own templates on a regular basis or destroying records outright (based upon the record, it is unclear how the records were actually destroyed). Doc. 91, Ex. 12 at 4. Plaintiff does not present any "smoking gun" evidence or outright allege that defendant purposefully failed to provide Noel with notice to the data, though she does speculate as to defendant's intentions, suggesting that Pilot either knew or should have known of the destruction. *Id*; doc. 91 at 23; doc. 96 at 8.

Plaintiff further contends that the defendants destroyed surveillance footage that would have shown plaintiff "hollering and swearing in front of customers and hourly employees, pushing past [another employee] in an aggressive manner, and flailing her arms about in a disorderly fashion."

Doc. 91 at 6. But there is a question as to whether plaintiff was even in view of a surveillance camera when the event allegedly occurred. Doc. 93 at 6-7.

Sanctions for spoliation are appropriate only after addressing the following five factors: "(1) prejudice to the non-spoiling party as a result of the destruction of evidence, (2) whether the prejudice can be cured, (3) practical importance of the evidence, (4) whether the spoiling party acted in good or bad faith, and (5) the potential for abuse of expert testimony about evidence not excluded." *Connor v. Sun Trust Bank*, 546 F. Supp. 2d 1360, at 1375 (N.D. Ga. 2008) (citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005), which applied Georgia's spoliation law as it is "wholly consistent with federal spoliation principles").

Presuming that the video evidence in fact existed and that Pilot *maliciously* destroyed both the tape and Noel's audits, the Court is still perplexed by plaintiff's request to strike defendant's answer. The items as described in the briefs would undermine plaintiff's case. That is, their loss or destruction is actually a boon to plaintiff, as their absence acts to undermine Pilot's assertion that Purdee was an ineffective manager or

prone to hysterics. As plaintiff has not shown that she was prejudiced by the loss of the records and the evidence is not of much use in the presentation of her own case, striking defendant's answer would be wholly inappropriate. Nevertheless, should Pilot insist on presenting references to the missing audits or plaintiff's alleged hysterical outburst at trial, Purdee may be entitled to an adverse jury instruction, but that question is reserved to the trial judge.[7]

In conclusion, plaintiff Mada Purdee's requests to compel the production of additional discovery and to sanction defendant (doc. 91) are **DENIED**. *See* Fed. R. Civ. P. 26(b)(2)(C) (noting that the Court must limit the extent of discovery if it determines that the discovery sought in unreasonably cumulative, duplicative, or unreasonably burdensome). However, as defendant has not supplemented its responses to set out those documents that no longer exist, it is hereby **DIRECTED** to do so. Doc. 91

---

[7] In her reply brief, plaintiff cites an additional piece of allegedly destroyed evidence--she contends that certain store action plans compiled by a regional manager were destroyed. Doc. 96 at 5. Moreover, she now explicitly contends that the destruction of the store action plans and the surveillance videotape, mentioned above, were intentional. *Id.* After reviewing the record, the Court finds that plaintiff has not presented any remotely believable circumstantial evidence of bad faith destruction. Nor has she shown that the loss or destruction of the information is likely to prejudice her case.

at 4. Finally, the Court **RESERVES** to the district judge the question whether an adverse jury instruction is warranted on the spoliation issues left extant by this ruling.

**SO ORDERED** this  19th   day of February, 2009.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA