# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MADA PURDEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV407-028 |
| PILOT TRAVEL CENTERS, LLC., | ) ) ) |
| Defendant. | ) |

# ORDER

Before the Court is defendant Pilot Travel Centers' motion to strike plaintiff's expert witness report as untimely filed.[1] Doc. 120; *see* doc. 134 (plaintiff's response); doc. 139 (Pilot's reply); doc. 142 (plaintiff's sur-reply).

Plaintiff initially submitted its expert witness report ("Hoffman report") on June 22, 2007 (doc. 120, Ex. B), within the time permitted for filing expert witness reports set in the Court's scheduling order (doc. 32). The report concluded that Pilot's recruitment into the management pool was not gender equitable but noted that Dr. Hoffman would also likely testify about gender disparity in Travel Center management positions based

---

[1] The Court **RESERVES** to the district judge the question of whether the report is admissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

upon information expected to be acquired during the course of discovery. Doc. 120, Ex. B. Pilot, however, declined to depose Dr. Hoffman. Doc. 139 at 4. Moreover, Pilot played a part in delaying several depositions that were likely to contain information relevant to the expert witness's report until the end of the discovery period. *See* doc. 74 (order granting extension to depose Pilot executive Ken Parent in late January 2008); doc. 83 (order granting extension to depose former Pilot manager James Venable in early February 2008); doc. 89 (order granting extension to depose defendant's employee Laura Cheatham in late February 2008); doc. 97 (order granting extension of time to depose Pilot's 30(b)(6) representative in March 2008).

Then, on April 8, 2008, a few weeks after plaintiff completed her depositions and shortly after Pilot submitted its summary judgment motion, plaintiff submitted Dr. Hoffman's supplemental findings along with her summary judgment response. The supplemental report showed a dramatic drop in the percentage of female Travel Center managers between 2001 and 2005. Doc. 120, Ex. A. Pilot promptly sought an extension of time to reply to plaintiff's response and asked the Court to amend the scheduling order to permit it to depose the expert. Doc. 111.

Pilot abandoned those requests, however--it timely filed its reply, and even though the Court granted Pilot's request to depose the expert (doc. 133), it again declined to do so.

Pilot now argues that the expert's supplement was untimely filed and should not be considered in resolving its motion for summary judgment. Doc. 120 at 14-16; Doc. 139 at 1-5. While Pilot is correct in asserting that plaintiff violated Fed. R. Civ. P. 26(a)(2) and Local Rule 26.1(d)(ii) through her late filing, *see OFS Fitel, LLC v. Epstein, Becker and Green P.C.*, 549 F.3d 1344, 1360-63 (11th Cir. 2008), that does not end the inquiry. Before imposing sanctions, the Court must determine whether the late disclosure was either substantially justified or harmless under Fed. R. Civ. P. 37(c)(1). *Id.* at 1363.

None of Pilot's supporting authority remotely contemplates the present situation (i.e., a timely filed expert witness report that was later supplemented, as expected). That is, Pilot was not an unsuspecting party confronted with a surprise witness, leaving it at a significant tactical disadvantage. *See Prieto v. Malgor*, 361 F.3d 1313, 1317-18 (11th Cir. 2004) (unexpected expert presented at trial); *AT&T Wireless Servs. of Cal. LLC*

*v. City of Carlsbad*, 2002 WL 34396709 at *2, 5-6 (S.D. Fla. Nov. 7, 2002) (unpublished) (no written report produced by expert witness report deadline and expert had essentially no knowledge of the case when deposed). Instead, Pilot has itself to blame for its present predicament by manufacturing the harm it now complains of.

First, Pilot deliberately chose not to retain its own expert or to depose plaintiff's expert after the initial report was filed, even though the initial report indicated that a supplement was forthcoming and that the supplement would address gender disparities in Travel Center management. Second, Pilot delayed plaintiff's access to witnesses likely to have information relevant to the expert's analysis, making it difficult for plaintiff to prepare and present the supplement before discovery had expired. *See OFS Fitel, LLC*, 549 F.3d at 1364 (taking into account delay in access to deposition testimony). Third, Pilot mooted its own request for an extension of time to depose the expert and to reply to plaintiff's response to its motion for summary judgment--had it not done so, any Rule 37(c)(1) harm would have been cured.

It follows that even if plaintiff had hoped to gain a tactical advantage

by delaying her filing of the supplement (which is entirely likely given this case's history thus far), any Rule 37(c)(1) harm to Pilot was likewise manufactured in its own attempt to gain a tactical advantage. Pilot's course of conduct shows that it never intended to confront plaintiff's expert witness head-on, so it was not harmed by plaintiff's late disclosure. Accordingly, its motion to strike plaintiff's expert witness report as untimely (doc. 120) is **DENIED**.[2]

**SO ORDERED** this 23rd day of February, 2009.

*/s/ JMSmitt*

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff, however, is advised that future supplementation will be denied absent amendment of the scheduling order. *See OFS Fitel, LLC*, 549 F.3d at 1362-63; *Bray & Gillespie IX, LLC. v. Hartford Fire Ins. Co.*, 2008 WL 2477619 (M.D. Fla. June 18, 2008) (unpublished).